**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CARLOS MORALES, | DOCKET NUMBER |
| Appellant, | NY-0752-22-0062-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: March 15, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Francisco J. Reyes, Esquire, Guaynabo, Puerto Rico, for the appellant.

Dana C. Heck, Esquire, and Laura Kempin, Esquire, St. Petersburg, Florida, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal. On petition for review, among other things, the appellant argues that the administrative judge erred in finding that the agency considered the relevant factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), and raises a disability discrimination claim. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The petition for review affords no basis to disturb the administrative judge's findings regarding the penalty.

The appellant's alleged errors in the agency's analysis of the *Douglas* factors afford no basis to disturb the administrative judge's findings regarding the penalty. Contrary to the appellant's assertion, there is no indication that the deciding official failed to consider a mitigating factor that she ought to have considered. Petition for Review (PFR) File, Tab 1 at 6-9; Initial Appeal File (IAF), Tab 19, Hearing Recording (HR) (testimony of the deciding official). At his oral reply to the proposal notice, the appellant did not present any mitigating circumstances other than his length of service, which the deciding official considered.[2] IAF, Tab 8 at 29; HR (testimony of the deciding official).

---

[2] The appellant's oral reply was very brief, as the appellant's representative stated that he could not defend the appellant if the agency did not address certain questions, and the appellant did not speak pursuant to his representative's advice. IAF, Tab 8 at 29; HR (testimony of the deciding official). The appellant did not submit a written reply. HR (testimony of the deciding official).

Accordingly, the appellant's claim that the deciding official failed to appropriately consider the *Douglas* factors because she did not consider the appellant's personnel record and evidence of his disability and reasonable accommodation lacks merit.[3]

Next, the appellant claims on review that the penalty of removal was inconsistent with those the agency imposed for similar offenses, without citing any evidence in support. PFR File, Tab 1 at 8. The appellant presented no evidence during the appeal regarding the agency's treatment of the same or similar offenses, and thus fails to show any error by either the agency or administrative judge on this issue. *See Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 21 (finding that an appellant who offered only speculation regarding the treatment of similarly situated employees failed to show an administrative judge erred in her consideration of the consistency of the penalty). Ultimately, because the administrative judge's findings regarding the agency's penalty determination considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility, we decline to disturb them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

An affirmative defense of disability discrimination was not raised by the appellant below and is unsupported by the record.

The appellant's claim on review that his physician's testimony proved that his medical conditions caused his misconduct can be viewed as an attempt to raise

_____

[3] Had the deciding official considered files regarding the appellant's disability and reasonable accommodation without first notifying the appellant of her intent to do so, her actions could have constituted a violation of the appellant's due process rights. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). Although the appellant does not specifically indicate which of the agency records he believes the deciding official failed to consider, we observe that, to the extent the appellant is referencing medical files and reasonable accommodation files, it is not clear that the deciding official would have had access to such information absent the appellant's approval. Such information is generally not contained in an employee's Official Personnel File.

an affirmative defense of disability discrimination. PFR File, Tab 1 at 5-7, 9; *see Burton v. U.S. Postal Service*, 112 M.S.P.R. 115, ¶ 15 (2009). The appellant—who was represented throughout the appeal—failed to raise an allegation of disability discrimination below, and we therefore need not consider it here. 5 C.F.R. § 1201.24(b); *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016).

In any event, even assuming, arguendo, that the appellant established that his misconduct was caused by his disabilities, he still would not have established that his removal constituted disability discrimination. The relevant anti-discrimination statutes do not immunize disabled employees from being disciplined for misconduct in the workplace, provided the agency would impose the same discipline on an employee without a disability. *Burton*, 112 M.S.P.R. 115, ¶ 16. The appellant presented no evidence during the appeal regarding the agency's treatment of the same or similar offenses, including by nondisabled employees, and did not otherwise show that disability discrimination was either a motivating factor in, or but-for cause of, his removal as required for relief. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 22, 40, 42. The appellant thus failed to substantiate any disability discrimination claim he could have timely raised. *See Burton*, 112 M.S.P.R. 115, ¶¶ 16, 18.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

_____

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.